Amy Sommer Anderson (STATE BAR NO. 282634)
anderson@aroplex.com
AROPLEX LAW
156 2nd Street
San Francisco, California  94105
Telephone:     415-529-5148
Facsimile:     415-970-5016

Attorney for Plaintiff
DAVID JOHNSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID JOHNSON,<br><br>    Plaintiff(s),<br><br> v.<br><br>HEWLETT PACKARD CO.,<br><br>    Defendant(s). | Case No.<br><br>**COMPLAINT FOR:**<br><br>1) **DECLARATORY JUDGMENT;**<br>2) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>3) **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS; AND**<br>4) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS.**<br><br>**Demand for Jury Trial** |

  Plaintiff DAVID JOHNSON ("Johnson" or the "Plaintiff"), by and through his attorney, Amy Sommer Anderson of AROPLEX LAW, for his Complaint against HEWLETT PACKARD CO. ("Hewlett Packard" or the "Defendant"), alleges on his own knowledge and otherwise upon information and belief, as follows:

//

//

COMPLAINT        - 1 -

//

## NATURE OF THE ACTION

1. This action arises from a dispute over ownership of United States patent number 7,659,923 (the "'923 patent" or the "patent") and includes claims for declaratory and monetary relief arising from claims of ownership of the patent.

## PARTIES

2. Plaintiff DAVID JOHNSON is an individual residing in Boise, Idaho.

3. Defendant HEWLETT PACKARD is a corporation organized under the laws of the State of Delaware, with its principal place of business in Palo Alto, California.

## JURISDICTION AND VENUE

4. Plaintiff is, and was at all times mentioned, domiciled in and a citizen of the State of Idaho. Defendant HEWLETT PACKARD is a corporation organized under the laws of the State of Delaware, with its principal place of business in Palo Alto, California. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C.A. § 1332. Every issue of law and fact is wholly between citizens of different states.

5. This Court has personal jurisdiction over the Defendant, and venue in this Judicial District is proper under 28 U.S.C. § 1391(b) and (c), because the Defendant does business, has its headquarters and, thus, is subject to personal jurisdiction in this Judicial District.

## FACTS

6. Plaintiff was employed by Defendant Hewlett Packard for approximately 21 years, ending in May 2005. During his employ, Plaintiff filed several invention disclosures with Defendant, not all of which related to Plaintiff's area of work or even Defendant's areas of business but which Plaintiff was required to disclose pursuant to his employment agreement.

COMPLAINT — - 2 -

7. Approximately six months before Plaintiff left Defendant's employ, he filed an invention disclosure for a solution to the problem of blink-related closed eyes in portrait photography.

8. Plaintiff is the inventor and owner of U.S. patent number 7,659,923 entitled "Elimination of blink-related closed eyes in portrait photography," the application for which was filed after Plaintiff's employment with Defendant ended and contained a wholly different and superior solution to the problem of blink-related closed eyes in portrait photography, which is an area of personal interest to Plaintiff.

9. The '923 patent application was filed by Plaintiff on June 20, 2006, with a priority date of June 24, 2005, and the utility patent was granted on February 9, 2010.

10. On or about July 9, 2010, Plaintiff entered into a contractual relationship with ICAP Patent Brokerage LLC (formerly ICAP Ocean Tomo; "ICAP") to offer the patent for sale to the public at auction.

11. In or around October 2010, and before the patent was offered for public sale but after it was published in ICAP's catalog, Defendant contacted ICAP, claiming it is the rightful owner the patent and causing ICAP to place the sale on hold pending resolution of the ownership dispute.

12. In March 2011, Defendant petitioned the United States Patent and Trademark Office ("USPTO") for assignment of the '923 patent all the while knowing the patent application included a different solution (i.e., a different invention) and was filed after Plaintiff with Defendant employment ended. In March 2011, the USPTO registered Defendant's fraudulent assignment.

13. In December 2011, Plaintiff petitioned the USPTO for reassignment of the '923 patent to him, and the patent was reassigned to him, solely, in December 2011, specifically correcting "an unauthorized assignment."

14. Defendant took no further legal or administrative action, and ownership of the patent remains entirely with Plaintiff. Defendant has never attempted to use, sell or continue to develop the technology that is the subject matter of the patent.

15. Hewlett Packard does, however, continue to assert its claimed ownership of the patent and refuses to provide any acknowledgment of Plaintiff's rights or assurance that would remove the encumbrance Defendant's actions places on the patent and sufficiently clear the title so it can be offered for sale.

16. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights in that Plaintiff contends Plaintiff is the true and sole owner of the '923 patent and has the right to sell the entire interest in the '923 patent to a buyer without encumbrance on title or further interference by Defendant, whereas Defendant disputes these contentions and contends that Defendant is the rightful owner of the '923 patent, has interfered with Plaintiff's attempted sale of '923 patent and refuses to execute a disclaimer of ownership as required to remove the clouded title Defendant's action placed on the '923 patent, which substantially and detrimentally affects Plaintiff's rights.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment as to Ownership of the '923 Patent**

17. Plaintiff adopts and incorporates each of the allegations in the above paragraphs of this Complaint as if fully set forth herein.

18. Plaintiff desires a judicial determination of his rights and duties, and a declaration as to whether Plaintiff is the valid and sole owner of the '923 patent and whether Defendant has no claim to ownership of the '923 patent.

COMPLAINT — - 4 -

19. A judicial declaration is necessary and appropriate at this time under the circumstances in order for Plaintiff to ascertain his rights in the '923 patent. Declaratory relief would enable Plaintiff to sell the '923 patent and to give the buyer of the '923 patent confidence in its unencumbered ownership.

20. To date, Plaintiff has been damaged in that the value of the '923 patent has substantially depreciated from the date it was originally set to be offered for sale at auction and the present, and the value of the patent will continue to depreciate until a determination of Plaintiff's ownership is declared.

21. Plaintiff has exhausted all practical and administrative remedies to resolve this dispute, including correcting the unauthorized assignment to Defendant through the USPTO and engaging in repeated and unsuccessful negotiations with the Defendant. Without Defendant's cooperation in acknowledging Plaintiff's valid ownership of the patent as to clear the patent's clouded titled, Plaintiff must secure a declaration from the Court assuring both the auction house and any potential buyer of Plaintiff's full ownership and right to sell the entire interest in the patent.

**SECOND CAUSE OF ACTION**
**Intentional Interference with Contractual Relations**

22. Plaintiff adopts and incorporates each of the allegations in the above paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff performed all of his obligations under the Agreement with ICAP except for the obligations he was prevented or excused from performing.

24. From at least October 2010, Defendant was aware of the existence of Plaintiff's Agreement with ICAP.

25. Defendant intended to disrupt the performance of the Agreement.

26. Defendant's intentional conduct induced ICAP to fail to perform its obligations under the Agreement.

27. Defendant's wrongful conduct was a substantial factor in causing Plaintiff to suffer damages in an amount in excess of the Court's jurisdictional threshold and to be established by proof at trial.

28. Defendant acted with malice, oppression and fraud when Defendant, intentionally and in conscious disregard for Plaintiff's rights, deliberately induced ICAP to breach the Agreement and indefinitely withhold Plaintiff's patent from being offered for public sale and deprived Plaintiff of his rightful proceeds from the prospective sale and prospective economic benefits Plaintiff would likely have enjoyed beyond that sale. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Intentional Interference with Prospective Economic Relations

29. Plaintiff adopts and incorporates each of the allegations in the above paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff was engaged in an economic relationship with ICAP that was substantially likely to result in economic benefits to Plaintiff.

31. Defendant knew of Plaintiff's economic relationship with ICAP.

32. Defendant engaged in wrongful conduct thought its tortious interference with Plaintiff's relationship with ICAP.

33. Defendant's wrongful conduct disrupted Plaintiff's economic relationship with ICAP.

34. Defendant's wrongful conduct was a substantial factor in causing Plaintiff to suffer damages in an amount in excess of the Court's jurisdictional threshold and to be established by proof at trial.

35. Defendant acted with malice, oppression and fraud when Defendant, intentionally and in conscious disregard for Plaintiff's rights, deliberately induced ICAP to indefinitely withhold Plaintiff's patent from being offered for public sale and deprived Plaintiff of his rightful proceeds from the prospective sale and prospective economic benefits Plaintiff would likely have enjoyed beyond that sale. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
**Negligent Interference with Prospective Economic Relations**

36. Plaintiff adopts and incorporates each of the allegations in the above paragraphs of this Complaint as if fully set forth herein.

37. Plaintiff was engaged in an economic relationship with ICAP that was substantially likely to result in economic benefits to Plaintiff.

38. Defendant knew of Plaintiff's economic relationship with ICAP.

39. Defendant knew or should have known that this relationship would be disrupted if it failed to act with reasonable care.

40. Defendant failed to act with reasonable care.

41. Defendant engaged in wrongful conduct thought its tortious interference with Plaintiff's relationship with ICAP.

42. Defendant's wrongful conduct disrupted Plaintiff's economic relationship with ICAP.

43. Defendant's wrongful conduct was a substantial factor in causing Plaintiff to suffer damages in an amount in excess of the Court's jurisdictional threshold and to be established by proof at trial.

## PRAYER FOR RELIEF

44.    **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as set forth below:

   A.   For a declaration that Plaintiff DAVID JOHNSON is the sole owner of the '923 patent;

   B.   For issuance of a preliminary and permanent injunction restraining and enjoining Defendant, its officers, directors, employees, agents and representatives from publishing or otherwise representing that it has any claim to ownership of the '923 patent;

   C.   For damages according to proof;

   D.   For costs of suit;

   E.   For punitive damages in an amount sufficient to punish Defendant and deter Defendant and others from engaging in similar conduct; and

   F.   For such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury for the cause of actions, claims or issues in this action, which and triable as a matter of right to a jury.

Dated: April 29, 2015                    Respectfully Submitted,

                                         /s/ AMY SOMMER ANDERSON
                                         Amy Sommer Anderson
                                         AROPLEX LAW
                                         156 2nd Street
                                         San Francisco, CA 94105
                                         415-529-5148
                                         *Attorney for Plaintiff*,
                                         DAVID JOHNSON

## VERIFICATION

I, DAVID JOHNSON, am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Boise, Idaho.

Dated: April 29, 2015

DAVID JOHNSON,
Plaintiff